**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division**

CURTIS J. GARRETT,

      Plaintiff,

v.                             CASE NO.  3:20cv986

COMMONWEALTH OF VIRGINIA, *et al.*,

      Defendants.

**RESPONSE TO PLAINTIFF'S MOTION FOR LEAVE TO FILE UNDER SEAL
PORTIONS OF EXHIBITS D & F TO DECLARATION OF ANDREW TALBOT**

Defendants, by counsel, submit the following Response to Plaintiff's Motion for Leave to File Under Seal Portions of Exhibits D & F to Declaration of Andrew Talbot.

**Introduction**

Plaintiff Curtis J. Garrett ("Garrett"), by Counsel, has filed a Motion for Leave to File Under Seal Portions of Exhibits D & F that were attached to the Declaration of Attorney Andrew Talbot. Dkt. Nos. 68-5 and 68-7. These exhibits will be hereinafter referred to as Exhibit D and Exhibit F, respectively. In summary, Defendants respectfully request that the redacted version of Exhibit D remain on the docket in its current redacted state, and do not believe that Exhibit F needs to remain under seal at all.

Attorney Talbot has filed many pages of email communication between Counsel for both sides of this case, along with a declaration summarizing the information contained in those emails. Two of the relevant emails Talbot filed contained attachments that are now the subject of Garrett's Motion for Leave to File Under Seal. Unsealed but redacted copies of each of these exhibits are

currently on the Court's docket. Unredacted copies have been filed under seal for the Court's review.

Exhibit D is an email thread between counsel. In it, Counsel for Defendants has – at the order of this Court – disclosed the names and last known home addresses of two corrections officers who are now defendants in this case. Pursuant to the agreement of the parties, this information was to be limited to "attorneys' eyes only" and not disclosed to the public or to Garrett. Defendants do not ask that this document be sealed in its entirety but ask only that the redacted version – which redacts only the addresses of the individuals at issue – remain redacted. Defendants do not take issue with any other information in Exhibit D.

Exhibit F is an email chain that contains an attachment which Garrett has moved to file under seal. The attachment is a copy of a duty roster from the day of the incident at Sussex I State Prison that triggered the filing of this case. The duty roster lists the first initials and last names of the canine staff assigned to Sussex I on December 25, 2018 and indicates whether they were working that day or on leave for some reason. Defendants designated this document "confidential" when they disclosed it, but there is no reason this document needs to be filed under seal. There is no reason it needed to be filed at all. Nevertheless, Defendants discern no risk to VDOC security or to the persons listed in the document. Defendants make no further argument concerning this document.

## Legal Argument

Exhibit D contains the personal addresses of two individuals, both of whom were correctional officers working for VDOC at the time of the relevant incident. There is nothing about the addresses in Exhibit D that this Court needs to consider in order to make any decision in this case whatsoever. One of these addresses is for a former officer who is no longer a defendant in

this case. One is a current defendant. Specifically, there is nothing about these individuals' home addresses that has any bearing on any issue before this Court. Because this information is not relevant to the issues before the Court – and frankly, should not have been filed on the docket in the first place – allowing it to remain on the docket in a redacted state serves the compelling interest of protecting personal privacy of these government employees and does not deprive the public of any information necessary to evaluate the decision-making process of the judiciary.

Under the common law presumption of a right of access to public documents, this presumption can be rebutted if "countervailing interests heavily outweigh the public interests in access." *Rushford v. New Yorker Magazine, Inc.*, 846 F.2d 249, 253 (4th Cir. 1988). Pursuant to the First Amendment's more stringent standards, the "denial of access must be necessitated by a compelling government interest and narrowly tailored to serve that interest." *Id.* (citing Press-Enterprise Co. v. Superior Court*, 464 U.S. 501, 510 (1984)). That said, the Fourth Circuit has also "recognize[d] that there may be instances in which discovery materials should be kept under seal even after they are made part of a dispositive motion." *Id*. Here, the personal address information contained in Exhibit D has not been made part of a dispositive motion. The address information just happened to be contained in a string of emails that Counsel for Plaintiff saw fit to file on the docket in response to Defendants' Motion to Dismiss. The address information itself has no bearing whatsoever on the merits of this case, the arguments made by the parties, or the Court's consideration of the parties' positions.

When information to be placed under seal "does not infringe upon the public's interest in assessing the basis of the court's decision" then such material is appropriately kept under seal. *See, e.g., Jones v. Lowe's Companies, Inc.,* 402 F. Supp. 3d 266, 292 (W.D.N.C. Aug. 30, 2019) (citing *McKesson Corp. v. Longistics Transportation, Inc.*, No. 5:09cv250, 2010 WL 11564989, at *12

(E.D.N.C. Nov. 4, 2010)). That is the precise situation here. The personal addresses contained in Exhibit D do not have any bearing on the Court's decision and the public's access to this information could do nothing to further judicial transparency or faith in the judicial process, nor does it serve any other legitimate purpose. Indeed, quite the opposite. The unnecessary sharing of personal information – particularly the personal information of a non-party – undermines the public's faith in the judiciary and could render citizens fearful of coming before the Court, lest their private information be unwittingly divulged. As for the defendants themselves and the interests of VDOC, these defendants have served and are serving their state – and in the case of one of the individuals who is on active duty military assignment, their country. Their personal security should not be placed at risk by unnecessarily posting their home addresses in the public record of this case, particularly when such information has no bearing on the merits of the case, the parties present arguments before the Court, or the Court's decisions prior or forthcoming decision and especially when Plaintiff has intentionally drawn such publicity to the case prior to any decisions being rendered at all and expressly agreed to keep this information out of the public realm.

This Court and others in our Circuit routinely seal the addresses of former and current correctional officers. *See, e.g., Fletcher v. Corcoran*, No. PWG-18-3567, 2020 WL 1503702 (D. Md. Mar. 30, 2020) (sealing a correctional officer's last known home address based on "obvious confidentiality considerations"); *Tunstall v. Perry*, No. 1:15cv226, 2016 WL 4133537, at *6 (M.D.N.C. Aug. 3, 2016) (ordering the North Carolina Attorney General's Office to obtain the last known address of unserved corrections officials and file that information under seal with the court); *De'Lonta v. Pearson*, No. 1:09cv1167, 2011 WL 495934, at *4 (E.D. Va. Feb. 24, 2011 (noting that "[n]ormally, when a defendant who was formerly employed by the Virginia

Department of Corrections cannot be located at the address provided by the plaintiff in a pro se prisoner case, the Virginia Attorney General is asked to provide the last known address of the defendant under seal.). There is no reason these addresses should have been filed on the public docket in the first place, particularly when all Counsel had agreed to maintain them as confidential and to use them only for purposes of effecting service. The last known addresses of former and current correctional officers are not germane to any issue presently before this Court.

Standard practice aside, Federal Rule of Civil Procedure 5.2 automatically requires that certain personal information – such as social security numbers, birthdates, names of minors, or financial account numbers – be redacted by the party submitting the document prior to filing. Fed. R. Civ. P. 5.2(a). Additionally, the Court may "require redaction of additional information." Fed. R. Civ. P. 5.2 (e)(1). Plainly, public access is intended to be limited in instances where someone's personal or financial security could be unnecessarily placed at risk as would be the case here.

## Conclusion

For the reasons outlined herein, Defendants respectfully ask this Court not to release the personal address information in Plaintiff's Exhibit D, Dkt No. 68-5. Instead, Defendants submit that the redacted version of the Exhibit in which the personal address information is not visible is the best way to balance the public's right of access to court documents with the defendant's and non-party's right to personal privacy.

Respectfully submitted,

MATTHEW FRANKLIN, CHRISTOPHER SHY, HAROLD W. CLARKE, A. DAVID ROBINSON, BARRY MARANO, WARDEN CARL MANIS, WARDEN

ISRAEL HAMILTON, WILLIAM BARBETTO, and VDOC

By:        /s/ Laura Maughan
       Laura Maughan, VSB #87798
       Assistant Attorney General
       Office of the Attorney General
       Criminal Justice & Public Safety Division
       202 North 9th Street
       Richmond, Virginia 23219
       (804) 786-0030
       (804) 786-4239 (Fax)
       Email:  lmaughan@oag.state.va.us

## CERTIFICATE OF SERVICE

I hereby certify that on the 17th day of November, 2021, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send a notification of such filing ("NEF") to the following:

Andrew Talbot
Arnold & Porter Kaye Scholer LLP (DC)
601 Massachusetts Ave NW
Washington, DC 20001
202-942-5000
Fax: 202-942-5999
Email: andrew.talbot@arnoldporter.com

Ian S. Hoffman
Arnold & Porter Kaye Scholer LLP (DC)
601 Massachusetts Ave NW
Washington, DC 20001-3743
202-942-6406
Fax: 202-942-5999
Email: ian.hoffman@arnoldporter.com

John Freedman
Arnold & Porter Kaye Scholer LLP (DC)
601 Massachusetts Ave NW
Washington, DC 20001-3743
202-942-5000
Email: john.freedman@arnoldporter.com

Kelly Jo Popkin
Rights Behind Bars
416 Florida Avenue
Washington, DC 20001
202-455-4399
Email: kellyjo@rightsbehindbars.org

Lauren Sachi Wulfe
Arnold & Porter Kaye Scholer, LLP
777 S. Flower Street
44th Floor
Los Angeles, CA 90017-5844
213-243-4000
Email: Lauren.Wulfe@arnoldporter.com

Oren Nimni
Rights Behind Bars
416 Florida Avenue
Washington, DC 20001
202-455-4399
Email: oren@rightsbehindbars.org

Shira Anderson
Arnold & Porter Kaye Scholer LLP (DC)
601 Massachusetts Ave NW
Washington, DC 20001-3743
202-942-5000
Email: shira.anderson@arnoldporter.com

*Counsel for Plaintiff*


_____/s/ Laura Maughan_____
Laura Maughan, VSB #87798
Assistant Attorney General