IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

CURTIS J. GARRETT,
    Plaintiff,

v.                                                                            Civil Action No. 3:20cv986

COMMONWEALTH OF VIRGINIA, et al.,
    Defendants.

## OPINION

The plaintiff Curtis J. Garrett filed this suit on December 23, 2020, alleging constitutional, statutory, and common law violations against both named and unnamed defendants. He has since amended his complaint twice, and now seeks to do so a third time.[1] The defendants oppose his motion to file a TAC because the applicable statute of limitations bars his claims against the defendants he seeks to add. They also move to partially dismiss his second amended complaint ("SAC") because the applicable statute of limitations bars Garrett's claims against certain defendants, because he did not plead a constitutional violation to support his supervisory liability claim, because sovereign immunity bars his ADA claim against VDOC, and because his release from VDOC renders moot his requests for declaratory relief.[2]

---

[1] In the third amended complaint ("TAC"), Garrett seeks to add the names of six previously unnamed defendants ("proposed defendants"). These include Sussex I Institutional Canine Sergeant Tevin Gayles, Wallens Ridge Health Authority Tina Townsend, Eastern Regional Healthcare Administrator Catherine Thomas, Western Regional Healthcare Administrator Mary Gilbert, Virginia Department of Corrections ("VDOC") Chief Nurse Rachel Provau, and Wallens Ridge Americans with Disabilities Act ("ADA") Coordinator Franklyn Santos.

[2] The defendants in the SAC include the Commonwealth of Virginia, by and through VDOC, Sussex I Officer Matthew Franklin, Sussex I Officer Christopher Shy, Sussex I Warden Israel Hamilton, Wallens Ridge Warden Carl Manis, VDOC Director Harold W. Clarke, VDOC Chief of Operations A. David Robinson, VDOC Statewide Canine Program Coordinator William Barbetto, VDOC Health Services Director Steve Herrick, and VDOC ADA Coordinator Barry Marano.

Because the Court lacks sufficient evidence to find that the defendants have proven their statute of limitations defense, the Court will grant Garrett's motion for leave to file a TAC and will deny the defendants' motion to dismiss Counts I, IV, V, and VIII on statute of limitations grounds. The Court will also deny the defendants' motion to dismiss Count V because the same conduct that underlies Garrett's ADA claims may support his constitutional claims. Further, the Court will deny the defendants' motion to dismiss Count IX because Garrett has adequately pleaded a constitutional violation. Finally, the Court will grant the defendants' motion to dismiss Garrett's requests for declaratory relief because his release from prison renders such relief moot.[3] The Court's July 28, 2021 Opinion details the facts in Garrett's first amended complaint. (ECF No. 54, at 2–6.) Those facts largely mirror the facts in the SAC, and the Court repeats below only the facts pertinent to the parties' instant motions.

### A. Statute of Limitations

The defendants move to dismiss Count I as to Franklin and Shy and Counts IV, V, and VIII as to Manis as time-barred by the two-year statute of limitations. They also oppose Garrett's motion to substitute the proposed defendants for certain "John Doe" defendants in Counts III, IV, V, and VIII in the TAC, arguing that the same statute of limitations bars his claims against these individuals.[4]

---

[3] The defendants also move to dismiss Counts II and VII on statute of limitations grounds. Garrett does not respond to this portion of the defendants' motion and removes these state law claims from his TAC. Because the Court will grant Garrett's motion to file a TAC, the Court will deny the defendants' motion to dismiss Counts II and VII as moot.

[4] Garrett brings Counts I, III, IV, V, and VIII under 42 U.S.C. § 1983. Because the alleged constitutional violations took place in Virginia, the statute of limitations for each claim is two years. *See Crawford v. Herring*, No. 3:20cv744, 2021 WL 3024289, at *2–3 (E.D. Va. July 16, 2021); *see also Owens v. Okure*, 488 U.S. 235, 240–41 (1989) (a state's personal injury statute of limitation applies to § 1983 claims).

2

In general, "a defense based on the statute of limitations must be raised by the defendant through an affirmative defense, *see* Fed. R. Civ. P. 8(c), and the burden of establishing the affirmative defense rests on the defendant." *Goodman v. Praxair, Inc.*, 494 F.3d 458, 464 (4th Cir. 2007). Although the Court typically cannot resolve the merits of an affirmative defense based on the complaint alone, in "rare circumstances," a complaint may provide sufficient facts for it to rule on a statute of limitations question in a 12(b)(6) motion to dismiss. *Id.*; *see Ott v. Md. Dep't of Pub. Safety & Corr. Servs.*, 909 F.3d 655, 658 (4th Cir. 2018) ("A court may dismiss a complaint on statute of limitations grounds 'if the time bar is apparent on the face of the complaint.'").

The Court finds no such "rare circumstances" here. The statute of limitations for Garrett's § 1983 claims ran before he substituted the defendants Franklin, Shy, and Manis in the SAC, and before he sought to substitute the proposed defendants in the TAC. His claims against these individuals relate back to his original pleading—and, thus, fall within the relevant limitations period—only if Garrett satisfies the requirements of Federal Rule of Civil Procedure 15(c)(1)(C). Under this Rule, the Court must determine whether each defendant or proposed defendant "must 'have expected or should have expected, within the limitations period, that it was meant to be named a party in the first place.'" *Rumble v. 2nd Ave Value Stores*, 442 F. Supp. 3d 909, 916 (E.D. Va. 2020) (quoting *Robinson v. Clipse*, 602 F.3d 605, 609–10 (4th Cir. 2010)). For this fact-intensive inquiry, the relevant time period "is the Federal Rule of Civil Procedure 4(m) service period" of ninety days. *Robinson*, 602 F.3d at 608.

At this early stage of the litigation, the parties have presented little to no evidence about when Franklin, Shy, Manis, or the proposed defendants learned about this suit; their knowledge of the substance of the suit; or the nature of their relationships with the defendants Garrett served within the relevant time period. Without this information, the Court cannot determine whether

3

any of these individuals had sufficient notice of the suit for the purposes of relation back under Rule 15. The Court finds that, at this time, the defendants have not met their burden of showing that the statute of limitations bars Garrett's claims against these proposed defendants. The Court will grant Garrett's motion for leave to file a TAC and deny the defendants' motion to dismiss Count I as to Franklin and Shy and Counts IV, V, and VIII as to Manis. *Cf. Bruno v. Paulison*, No. 08-0494, 2009 WL 377300, at *5 (D. Md. Feb. 12, 2009) (finding that the defendant's "efforts to dismiss the lawsuit as time-barred could only succeed upon a showing from the amended allegations that there is no possibility of relation-back"). The Court will grant these defendants leave, however, to move for summary judgment specific to any statute of limitations defense.[5]

### B. Count V

The defendants move to dismiss Count V, a § 1983 Eighth Amendment supervisory liability claim against Clarke, Robinson, Marano, Manis, and Doe 10, because Garrett pleaded only an ADA violation, not an underlying constitutional violation.

To succeed on a § 1983 supervisory liability claim, a plaintiff must show:

(1) that the supervisor had actual or constructive knowledge that [his] subordinate was engaged in conduct that posed "a pervasive and unreasonable risk" of constitutional injury to citizens like the plaintiff;

(2) that the supervisor's response to that knowledge was so inadequate as to show "deliberate indifference to or tacit authorization of the alleged offensive practices,"; and

(3) that there was an "affirmative causal link" between the supervisor's inaction and the particular constitutional injury suffered by the plaintiff.

---

[5] As outlined in the Court's April 19, 2022 Initial Pretrial Order, the defendants shall file any such motion on or before July 15, 2022. (ECF No. 88.)

*Wilkins v. Montgomery*, 751 F.3d 214, 226 (4th Cir. 2014) (quoting *Shaw v. Stroud*, 13 F.3d 791, 799 (4th Cir. 1994)); *see Temkin v. Frederick Cnty. Comm'rs*, 945 F.2d 716, 724 (4th Cir. 1991) ("A claim of inadequate training under section 1983 cannot be made out against a supervisory authority absent a finding of a constitutional violation on the part of the person being supervised.").

Here, Garrett grounds both this supervisory liability and his ADA claims in the same conduct.[6] But this does not necessarily preclude either claim: "[i]n fact, it is quite plausible that the alleged deliberate refusal of prison officials to accommodate [a plaintiff's] disability-related needs in such fundamentals as mobility, hygiene, medical care, and virtually all other prison programs" could also constitute an ADA violation. *United States v. Georgia*, 546 U.S. 151, 157 (2006). The Court finds that Garrett may bring a supervisory liability claim for potential Eighth Amendment violations by the defendants' subordinates even if the same conduct supports his claim for an ADA violation.[7]

### C. Count IX

In Count IX, Garrett alleges that VDOC violated the ADA[8] because it denied Garrett "equal access to the programs, services, and activities provided by VDOC employees at Wallens Ridge,"

---

[6] Garrett says "that the Wallens Ridge healthcare staff's failure to provide accommodations for [Garrett's] disability-related needs caused [him] serious harm and placed him at substantial risk of further harm; that Defendants knew of this risk; and that Defendants as supervisors failed to attend to that risk by training, supervising, or disciplining their staff." (ECF No. 68, at 22 (citing ECF No. 57 ¶¶ 90–102, 158–160).)

[7] The Court makes this finding even though Garrett's complaint does not present a model of clarity. For example, Garrett titles Count V as "42 U.S.C. § 1983 (Violation of the Eighth Amendment; Supervisory Liability for Failure to Train, Supervise, or Discipline: Denial of Reasonable Disability Accommodations)," but identifies the harm as "the pervasive conduct of denying prisoners with disabilities reasonable accommodations and failing to recognize prisoners with disabilities, in violation of the ADA." (ECF No. 57, at 47, 48 ¶ 205.)

[8] The SAC explains that Garrett's ADA claims "are 'made possible' by the ADA Amendments Act." (*Id.* ¶ 237.) Before the enactment of those amendments, "moderate difficulty

5

and "fail[ed] to make 'reasonable modifications in policies, practices, or procedures when the modifications [were] necessary to avoid discrimination on the basis of disability.'" (*Id.* ¶¶ 234–45 (quoting 28 C.F.R. § 35.130(b)(7)(i)).) The defendants argue that sovereign immunity bars Garrett's claim because he has not alleged a constitutional violation. (ECF No. 65, at 20.)

"The ultimate guarantee of the Eleventh Amendment is that nonconsenting States may not be sued by private individuals in federal court." *Bd. of Trustees of Univ. of Ala. v. Garrett*, 531 U.S. 356, 363 (2001). Congress may, however, waive states' sovereign immunity if it "mak[es] its intention unmistakably clear in the language of the statute" and "act[s] pursuant to a valid grant of constitutional authority." *Kimel v. Fla. Bd. of Regents*, 528 U.S. 62, 73 (2000) (quoting *Dellmuth v. Muth*, 491 U.S. 223, 228 (1989)); *see also Nev. Dep't of Hum. Res. v. Hibbs*, 538 U.S. 721, 727 (2003) ("Congress may . . . abrogate States' sovereign immunity through a valid exercise of its [U.S. Const. amend. XIV,] § 5 power").

For the first requirement, clarity in the statute, the Supreme Court has held that Congress expressly intended to abrogate state sovereign immunity when it enacted the ADA.[9] *Tennessee v. Lane*, 541 U.S. 509, 518 (2004). For the second requirement, whether Congress had the power to manifest that intent, the Supreme Court has held that "insofar as Title II creates a private cause of action for damages against the States for conduct that *actually* violates the Fourteenth Amendment, Title II validly abrogates state sovereign immunity." *Georgia*, 546 U.S. at 159.

---

or pain experienced while walking or standing, such as [Garrett's] right foot neuropathy, did not constitute a 'qualifying disability' for purposes of the ADA." (*Id.*)

[9] 42 U.S.C. § 12202 ("A State shall not be immune under the eleventh amendment to the Constitution of the United States from an action in Federal or State court of competent jurisdiction for a violation of this chapter.").

6

As relevant here, under the Eighth Amendment[10] "deliberate indifference to serious medical needs of prisoners constitutes the 'unnecessary and wanton infliction of pain.'" *Estelle v. Gamble*, 429 U.S. 97, 104 (1976) (quoting *Gregg v. Georgia*, 428 U.S. 153, 173 (1976)). "This is true whether the indifference is manifested by prison doctors in their response to the prisoner's needs or by prison guards in intentionally denying or delaying access to medical care or intentionally interfering with the treatment once prescribed." *Estelle*, 429 U.S. at 104–05. Not only must the "deprivation alleged [be] 'objectively, sufficiently serious,'" *Brown v. Harris*, 240 F.3d 383, 388–89 (4th Cir. 2001) (quoting *Farmer v. Brennan*, 511 U.S. 825, 834 (1994)), but "a prison official [must] actually know of and disregard an objectively serious condition, medical need, or risk of harm," *Rish v. Johnson*, 131 F.3d 1092, 1096 (4th Cir. 1997).

Here, Garrett alleges that prison staff took his walking cane even though they knew he could not "bear weight on his right foot without excruciating pain and difficulty balancing"[11]; they did not timely provide him with any other ambulatory assistive devices; he missed his pain medication several times because "he was unable to walk on his injured leg quickly enough" to retrieve it[12]; he missed one meal because staff refused to bring it to his cell; and prison staff ignored

---

[10] "The command of the Eighth Amendment, banning 'cruel and unusual punishments,' ... is applicable to the States by reason of the Due Process Clause of the Fourteenth Amendment." *Robinson v. California*, 370 U.S. 660, 675 (1962) (Douglas, J., concurring) (quoting *State of Louisiana ex rel. Francis v. Resweber*, 329 U.S. 459, 463 (1947)).

[11] *See Shakka v. Smith*, 71 F.3d 162, 167 (4th Cir. 1995) ("We do not doubt that the failure to provide a wheelchair for an inmate may constitute deliberate indifference to a serious medical need in some circumstances."); *see also Saunders v. Horn*, 960 F. Supp. 893, 896–97 (E.D. Pa. 1997) (denying motion to dismiss the plaintiff's Eighth Amendment claim where an officer "discarded [the plaintiff's] doctor-prescribed orthopedic shoes and cane").

[12] *See Adams v. Sw. Va. Reg'l Jail Auth.*, 524 F. App'x 899, 900–01 (4th Cir. 2013) (finding that plaintiff stated a plausible claim that he had a serious medical condition where he suffered from chronic pain); *West v. Millen*, 79 F. App'x 190, 193 (7th Cir. 2003) ("[P]ain due to the withholding of medication can constitute a serious medical need.").

7

his prescription for a follow-up appointment with a specialist to address his severe nerve damage. (ECF No. 57 ¶ 90–101.) VDOC's refusal to accommodate Garrett's difficulty walking "led to lasting, likely permanent physical injuries, including numbness and difficulties with movement, and severe mental distress that has led to hospitalization." (ECF No. 68, at 26 (citing ECF No. 57 ¶¶ 105–06).) Further—as evident from the intake process, his many grievances, his Wallens Ridge medical records, and the temporary provision of an accommodation—prison officials knew of and disregarded his "objectively serious condition, medical need, or risk of harm."[13] *Adams*, 524 F. App'x at 900.

Viewing these allegations in the light most favorable to Garrett, he pleads facts sufficient for the Court to find that he had serious medical needs and that prison officials knew of, but disregarded, those needs.[14] The Court will deny the defendants' motion to dismiss Count IX.

---

[13] (ECF No. 57 ¶¶ 92 ("medical staff were aware of [Garrett's] limp and difficulty ambulating"), 96–101 (describing Garrett's grievances)); *see Makdessi v. Fields*, 789 F.3d 126, 133 (4th Cir. 2015) ("A prison official's subjective actual knowledge can be proven through circumstantial evidence showing, for example, that the 'substantial risk . . . was longstanding, pervasive, well-documented, or expressly noted by prison officials in the past, and the circumstances suggest that the defendant-official being sued had been exposed to information concerning the risk and thus "must have known" about it.'" (quoting *Farmer*, 511 U.S. at 842) (alteration added)); *see also DePaola v. Clarke*, 884 F.3d 481, 488 (4th Cir. 2018) (concluding that the defendants knew about the plaintiff's serious health needs and failed to provide him treatment where the plaintiff "sought help repeatedly" from the defendants).

[14] The defendants also argue that Garrett has not satisfied the "'congruence and proportionality' prong of the *City of Boerne* test." (ECF No. 65, at 20.) Because the Court finds that Garrett adequately pleads a constitutional violation, at this time it need not address this argument.

### *D. Declaratory Relief*[15]

Finally, the defendants move to dismiss Garrett's request for declaratory relief because his release from VDOC renders such relief moot. In July 2021, the Court dismissed Garrett's claims for injunctive relief because he did not "show[] 'a sufficient likelihood that he will again be wronged in a similar way.'" (ECF No. 54, at 19 (quoting *Los Angeles v. Lyon*, 461 U.S. 95, 111 (1983)).) The same standard applies to his request for declaratory relief[16] and, as such, the Court will dismiss it as moot.

### CONCLUSION

For the foregoing reasons, the Court will grant the plaintiff's motion for leave to file a TAC and will deny and grant in part the defendants' motion to dismiss.

The Court will issue an appropriate Order.

Let the Clerk send a copy of this Opinion to all counsel of record.

Date: May 27, 2022
Richmond, VA

/s/
John A. Gibney, Jr.
Senior United States District Judge

---

[15] Garrett sues Clarke, Robinson, Barbetto, Herrick, and Marano in their official capacities "for declaratory relief." (*See* ECF No. 57 ¶¶ 22–29.)

[16] *Rendelman v. Rouse*, 569 F.3d 182, 186 (4th Cir. 2009) ("[A]s a general rule, a prisoner's transfer or release from a particular prison moots his claims for injunctive *and declaratory relief* with respect to his incarceration there." (emphasis added)).

9